UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALFONSE PERCY PEW, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:16-cv-00729 |
| ) | JUDGE CRENSHAW |
| CORRECT CARE SOLUTIONS, INC., ) | |
| *et al.*, ) | |
| ) | |
|     **Defendants.** ) | |
| ) | |

# MEMORANDUM AND ORDER

Plaintiff Alfonso Percy Pew, a state inmate in the custody of the Pennsylvania Department of Corrections, filed a complaint in this Court under 42 U.S.C. § 1983 (Doc. No. 1) alleging that he is being deprived of necessary medical care. This action has been reassigned to the undersigned.

Plaintiff has now complied with Judge Campbell's prior deficiency order (Doc. No. 3) by submitting not one but two applications to proceed *in forma pauperis* (Doc. Nos. 8, 13) along with a number of other filings.

## I. Denial of IFP Status and Dismissal of Action

A provision of the Prison Litigation Reform Act of 1995 ("PLRA") codified at 28 U.S.C. § 1915(g), now popularly known as the "three-strikes provision," bars any prisoner from bringing a civil action or appealing a judgment in a civil action *in forma pauperis*, that is, without prepaying the filing fee,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger

of serious physical injury.

28 U.S.C. § 1915(g). "Thus under the statute, there is an exception to the three strikes rule where the prisoner alleges that he or she is under imminent danger of serious physical injury." Rittner v. Kinder, 290 F. App'x 796, 797 (6th Cir. 2008).

The Sixth Circuit has held that, to satisfy the imminent-danger exception, "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 585 (6th Cir. 2013) (citing Rittner, 290 F. App'x at 707). Imminent dangers are "those dangers which are about to occur at any moment or are impending." Abdul–Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) (en banc) (citing Webster's II New Riverside University Dictionary 611 (1984)). Thus, the "imminent danger" exception is available "for genuine emergencies" where "time is pressing." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)).

Plaintiff here falls within the scope of 28 U.S.C. § 1915(g). As the United States District Court for the Western District of Pennsylvania has recognized:

> Alfonso Percy Pew . . . is a prodigious and prodigiously unsuccessful *pro se* litigant. Indeed, the computerized dockets of the United States Federal Courts reveal that Plaintiff has initiated over fifty (50) cases in United States District Courts and at least twenty-five (25) appeals in the United States Court of Appeals for the Third Circuit. Those dockets further reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g) . . . .

Tabansi a/k/a Pew v. Corr. Care Solutions, Inc., No. 1:15-cv-00246, 2016 U.S. Dist. LEXIS 21165, at *1 (W.D. Pa. Jan. 21, 2016) (Report and Recommendation).[1] Because Plaintiff has

---

[1] Plaintiff filed the following cases *in forma pauperis*, all of which were subsequently dismissed as frivolous: Pew v. Cox, No. 2:93-cv-4128 (E.D. Pa.) (order entered Aug. 20, 1993); Pew v. Clark, No. 2:94-cv- 4813 (E.D. Pa.) (order entered Aug. 19, 1994); and Pew v. Pavicic, No. 2:94-cv-4821 (E.D. Pa.) (order entered Aug. 19, 1994). In addition, the Third Circuit has dismissed at least three *in forma pauperis* appeals by Plaintiff as frivolous: Pew v. Cox, No. 93-2041 (3d Cir. March 31, 1994); Pew v. Casner, No. 95-7176 (3d Cir. July 31, 1995); and Pew v. Love, No. 96-7314 (3d Cir. Oct. 24, 1996).

filed more than three cases or appeals that were subsequently dismissed as frivolous,[2] he may not proceed *in forma pauperis* in this Court unless he alleges "facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." Vandiver, 727 F.3d at 585 (quoting Taylor v. First Med. Mgmt., 508 F. App'x 488, 492 (6th Cir. 2012)).

Plaintiff here alleges that he has severe hypertension and cardiovascular disease and that he is a "chronic care hypertension case" with a history of hospitalization. He does not allege that he is being denied care for hypertension. Instead, he complains that officials with Correct Care Solutions ("CCS"), the entity with which the Pennsylvania Department of Corrections contracts to provide medical care to state inmates, charge him for medical care for his chronic conditions, which has the effect of deterring him from "signing up for care emergencies." (Compl., Doc. No. 1, at 1.) He also alleges that CCS and its owners have refused to provide him a "personal electronic blood pressure monitor" so that he may monitor his own blood pressure on a daily basis, and that the medical providers at the prison only check his blood pressure once or twice every six months. (Id.) Plaintiff states that in his case, his blood pressure should be monitored at least two or three times a week, and that failure to check it that frequently amounts to deliberate indifference to his serious medical needs. Plaintiff alleges that failure to monitor his blood pressure more frequently places him at risk of damage to his vision, migraine headaches, chest pain, anxiety and panic attacks, and damage to his kidneys, liver, and heart.

The Court finds that Plaintiff's assertion that he is in imminent danger is speculative and unsupported by the factual allegations. Again, Plaintiff does not allege that he is being denied

---

[2] The Sixth Circuit has held that "dismissals of previous actions entered prior to the effective date of the PLRA may be counted toward the 'three strikes' referred to in 28 U.S.C. § 1915(g)." Wilson v. Yaklich, 148 F.3d 596, 604 (6th Cir. 1998).

treatment for hypertension altogether or that his blood pressure is not being monitored at all. He alleges, in fact, that as of the day he prepared his complaint, "Nurse Tammy" checked his blood pressure.[3]

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is therefore **DENIED** in accordance with 28 U.S.C. § 1915(g). This action is **DISMISSED** without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee, if he does so within 30 days of entry of this Order and files along with it a motion to re-open, showing the docket number assigned to this case. All other pending motions are **DENIED AS MOOT**.

## II. Assessment of the Filing Fee

The Sixth Circuit has made it clear that a plaintiff remains responsible for payment of the filing fee despite a dismissal under these circumstances. See In re Alea, 286 F.3d. 378, 381 (6th Cir. 2002) ("The subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full."); id. at 382 ("Although the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair."). Accordingly, the fee is hereby assessed, as follows:

The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's inmate trust account; or (b) 20% of the average monthly balance in Plaintiff's inmate trust fund account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly

---

[3] He alleges that his blood pressure reading that day was high but, again, he does not allege that he is being denied treatment for high blood pressure.

payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $400 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of the Pennsylvania State Correctional Institution – Forest to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows Plaintiff to his new place of confinement, for continued compliance herewith.

IT IS SO **ORDERED**.

This is the final order in this action for purposes of Fed. R. Civ. P. 58.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE